IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MUSSHUR MEENER, | § | |
|     PLAINTIFF, | § | |
| | § | |
| v. | § | CASE NO. 3:18-CV-3180-L-BK |
| | § | |
| GENERAL MOTORS COMPANY, | § | |
|     DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management, including a recommended disposition. Doc. 9. Now before the Court is *General Motors Company's Motion to Dismiss*. Doc. 6. As detailed herein, the Motion should be **GRANTED**.

**I.   BACKGROUND AND PARTIES' ARGUMENTS**

In October of 2018, Plaintiff Musshur Meener, filed his *pro se* petition in state court ("Complaint") asserting various claims against General Motors Company, the sole Defendant. Doc. 1-2 at 12. After Plaintiff amended his Complaint five times, Defendant removed the case to this Court, Doc. 1, and filed the instant Motion thereafter.[1] Doc. 6.

---

[1] Plaintiff filed a pleading titled "Objection for Removal Default Judgment," Doc. 5, a week after the case was removed to this Court. Even if liberally construed as a request for remand, the pleading is wholly devoid of any legal basis for remand and factual assertions that call into question Defendant's assertion of diversity jurisdiction. Indeed, the record reveals that Defendant was served on November 6, 2018, Doc. 1-2 at 55-56, and removed the case to this Court on December 3, 2018. Doc. 1. As such, the removal was timely. *See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading[.]").

Defendant argues that "Plaintiff's Petition lacks allegations to support either general [or] specific jurisdiction over Defendant." Doc. 6 at 4. Defendant contends that Plaintiff has failed to "allege in any way that [Defendant] regularly or continuously conducts business in the State of Texas or that Defendant purposely made sufficient minimum contacts with Texas, averring that: (1) General Motors Company is not a Texas resident; (2) General Motors Company is organized under the laws of another state; (3) General Motors Company is a holding company "at the highest tier of [its] hierarchal structure"; (4) General Motors Company "has never and does not design, test, manufacture, market, sell, or distribute motor vehicles, including the [subject vehicle]"; and (5) General Motors Company "has no contacts in Texas that give rise or relate to Plaintiff's alleged causes of actions." Doc. 6 at 4-5.

In opposition, Plaintiff irregularly argues the merits of his case and seemingly requests to take an interlocutory appeal. Doc. 7 *passim*. Plaintiff does not, however, respond to Defendant's arguments concerning the lack of personal jurisdiction. Doc. 7 *passim*.

II.   ANALYSIS

"A federal court sitting in diversity may exercise personal jurisdiction over a nonresident defendant if (1) the long-arm statute of the forum state confers personal jurisdiction over that defendant; and (2) the exercise of such jurisdiction by the forum state is consistent with due process under the United States Constitution." *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999) (citing *Felch v. Transportes Lar-Mex S.A. De CV*, 92 F.3d 320, 324 (5th Cir. 1996)). Because the Texas long-arm statute extends to the limits of due process, the Court need only consider whether exercising jurisdiction over defendants would be consistent with the Due Process Clause of the Fourteenth Amendment. *Id.* (citing *Electrosource, Inc. v. Horizon Battery Technologies, Ltd.*, 176 F.3d 867, 871 (5th Cir. 1999)).

"The Due Process Clause of the Fourteenth Amendment permits the exercise of personal jurisdiction over a nonresident defendant when (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice." *Mink*, 190 F.3d 333 at 336 (citing *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999)).  A defendant's contacts with the forum may support either specific or general jurisdiction over the defendant. *Id.* at 336.  "Specific jurisdiction exits when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action.  General jurisdiction exists when a defendant's contacts with the forum state are unrelated to the cause of action but are 'continuous and systematic.'" *Id.* (citations omitted).

A plaintiff bears the burden of establishing a district court's jurisdiction over the Defendant. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994).  When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, "it must accept as true the uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual conflicts posed by the affidavits.  Therefore, in a no-hearing situation, a plaintiff satisfies his burden by presenting a prima facie case for personal jurisdiction." *Latshaw*, 167 F.3d at 211 (footnotes omitted).

The Court liberally construes Plaintiff's filings with all possible deference due to a *pro se* litigant. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.").  Even liberally construed, however, the Complaint is wholly

3

devoid of any factual allegations that would permit the Court's exercise of personal jurisdiction over Defendant. Doc. 1-2 at 62.

Specifically, the Complaint does not allege any facts that indicate Defendant purposefully availed himself of any benefits or protections of Texas, or that Defendant has established minimal contacts with Texas such that personal jurisdiction is conferred. Plaintiff does not, for example, allege that the vehicle he purchased was manufactured or produced by Defendant in Texas, or that Defendant maintains a continuous and systematic presence in the State. Doc. 1-2 at 62. At bottom, Plaintiff simply fails to allege any facts establishing personal jurisdiction over Defendant. Accordingly, Defendant's motion to dismiss should be **GRANTED**.

### III.  LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal. See *Brewster v. Dretske*, 587 F.3d 764, 767-68 (5th Cir. 2009). However, here, Plaintiff had the opportunity to state a basis for the Court's personal jurisdiction over Defendant in his response to the motion to dismiss and wholly failed to do so. Under these circumstances, the Court can only conclude that no facts exist to establish the Court's personal jurisdiction over Defendant. Accordingly, granting leave to amend would be futile.

### IV.  RECOMMENDATION

For the foregoing reasons, *General Motors Company's Motion to Dismiss*, Doc. 6, should be **GRANTED**, and Plaintiff's claims should be **DISMIISED WITHOUT PREJUDICE**. See *Am. Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 Fed. Appx. 662 (5th Cir. 2004) (dismissal for lack of personal jurisdiction is without prejudice where the court did not address

the merits of the allegations against the defendants over whom the court lacked jurisdiction).

**SIGNED** February 22, 2019

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).